# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ACTAVIS, INC., et. al.,<br><br>　　　　　　　　　　Defendants. | 3:13-cv-00477-LRH-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

## I. BACKGROUND

**A. Complaint for Patent Infringement**

Plaintiff Ferring B.V. (Ferring) filed a complaint for patent infringement on September 6, 2013, against defendants Actavis, Inc. (Actavis) (formerly Watson Pharmaceuticals, Inc.), Watson Laboratories, Inc. (Watson Labs), Andrx Corporation (Andrx) (a wholly-owned subsidiary of Actavis), Watson Laboratories, Inc.-Florida (Watson Labs-Fla.) and Watson Pharma, Inc. (Watson Pharma) (collectively, Defendants). (Doc. # 1.)

The complaint alleges that Ferring, a company organized under the laws of the Netherlands, is engaged in the research, development, manufacture and sale of pharmaceutical products. (Doc. # 1 at 2 ¶ 1.) The remaining defendants are also all involved in the pharmaceutical industry. (*Id*. at 3-5 ¶ ¶ 10-14.)

Ferring alleges infringement of United States Patent Number 8,487,005 (the '005 patent), and is related to Watson Labs-Fla's filing of an Abbreviated New Drug Application (ANDA) under Section 505(j) of the Federal Food, Drug and Cosmetic Act (the Act), 21 U.S.C. § 355(j),

1  seeking U.S. Food and Drug Administration (FDA) approval to market generic tablets containing
2  650 mg tranexamic acid (Watson's generic tranexamic acid tablets). (*Id*. at 3 ¶ 7.) The complaint
3  goes on to allege infringement of United States Patent Number 7,947,739 (the '739 patent),
4  United States Patent Number 8,022,106 (the '106 patent), United States Patent Number
5  8,273,795 (the '795 patent). (*Id*. ¶ 8.) The patent infringement allegations are all related to
6  Watson Labs-Fla's sale of Watson's generic tranexamic acid tablets. (*Id*.) Ferring sells 650 mg
7  dosage strengths of tranexamic acid tablets in the United States under the trademark Lysteda, and
8  contends that Defendants conduct in gaining FDA approval to  make, use and sell a generic
9  version of this product infringes its patents. (*Id*. ¶¶ 18, 20, 27-34.)

10 **B. Defendants' Motion to Dismiss, or in the Alternative, For a Stay**

11  On February 28, 2014, Defendants filed a motion to dismiss Ferring's complaint for
12  failure to state a claim, and alternatively requested a stay of the action. (Doc. # 17.) In the
13  motion, Defendants contend that Ferring previously asserted the '739, '106 and '795 patents
14  against Watson, accusing the same products of infringing, and the case went to trial before
15  United States District Judge Robert C. Jones in January 2014. (*Id*.) Defendants argue that Ferring
16  cannot re-litigate these same causes of action again in this case, and request that the claims of
17  infringement for the '106, '795 and '739 patents be dismissed. (*Id*.) Defendants then argue that
18  principles of res judicata and claim splitting similarly bar the claims of infringement of the '005
19  patent. (*Id*.) Alternatively, Defendants ask that the court stay this action pending resolution of the
20  appeal of the other consolidated actions. (*Id*. at 15-16.)

21  Ferring filed its response (Doc. # 27) and Defendants reply brief in support of their
22  motion is due to be filed on or before April 24, 2014. (*See* Doc. # 31.)

23 **C. Background Re: Related Actions**

24  On July 7, 2011, Ferring brought suit against Watson for infringement of the '739 patent
25  in Case No. 3:11-cv-00481-RCJ-VPC. Ferring brought a second suit against Watson on
26  November 25, 2011, alleging infringement of the '106 patent in Case No. 3:11-cv-00853-RCJ-
27  VPC. These two cases were consolidated. (Doc. # 224 at 4-5 in Case No. 3:11-cv-00485.) At the
28  same time another case that was filed by Ferring, Case No. 3:11-cv-00485, was dismissed

1  because it was identical to Case No. 3:11-cv-00481-RCJ-VPC. (Doc. # 92 in Case No. 3:11-cv-
2  00481-RCJ-VPC.) Ferring filed another suit on November 9, 2012, alleging infringement of the
3  '795 patent in Case No. 2:12-cv-01935-MMD-GWF. This suit was consolidated with the other
4  cases. (Doc. # 297 in Case No. 3:11-cv-00481-RCJ-VPC.)   Case No. 3:11-cv-00481-RCJ-VPC
5  was the lead case. These actions are collectively referred to as the consolidated actions.

6  The consolidated actions went to trial before Judge Jones from January 21-30, 2014. The
7  '005 patent issued on July 16, 2013. It was not included in the infringement allegations of the
8  consolidated actions. Instead, Ferring filed the instant suit, alleging infringement of the '005
9  patent as well as the '106, '795 and '739 patents. As indicated, *supra*, Defendants have moved to
10 dismiss this suit, and in the alternative, request a stay of this action pending resolution of the
11 appeal of the consolidated actions.

12 **D. Proposed Discovery Plan and Scheduling Order and Response**

13 On April 14, 2014, Ferring filed its proposed discovery plan and scheduling order,
14 requesting special scheduling review. (Doc. # 29.) In that document, Ferring indicates that this
15 action is related to the consolidated actions, and requests that pursuant to Local Rule 7-2.1, the
16 action be reassigned from Judge Larry R. Hicks to Judge Robert C. Jones. (*Id*. at 2-3 ¶ 1.)

17 On the same date, Defendants filed their response to Ferring's proposed discovery plan
18 and scheduling order and also requested special scheduling review. (Doc. # 30.) Defendants
19 request that all scheduling matters be held in abeyance until such time as Defendants' motion to
20 dismiss is resolved. (*Id*. at 2:7-8.) Otherwise, Defendants agree that under Local Rule 7-2.1, the
21 action should be reassigned from Judge Hicks and the undersigned to Judge Jones and Magistrate
22 Judge Valerie P. Cooke. (*Id*. at 2:10-12.)

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## II. DISCUSSION

Local Rule 7-2.1 provides that an action may be considered to be related to another action when:

(a) Both actions involve the same parties and are based on the same or similar claim;
(b) Both actions involve the same property, transaction or event;
(c) Both actions involve similar questions of fact and the same question of law and their assignment to the same district judge and/or magistrate judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or,
(d) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges. The assigned judges will make a determination regarding the consolidation of the actions.

Ferring has requested reassignment to Judge Jones. Defendants have requested reassignment to both Judge Jones and Magistrate Judge Cooke because they presided over the consolidated actions.

The undersigned agrees with the parties that having this action heard by a different district judge and magistrate judge would entail a substantial duplication of labor given that the consolidated actions over which Judge Jones and Magistrate Judge Cooke presided involved substantially similar patent infringement claims related to the same products. Therefore, assigning this action to Judge Jones and Magistrate Judge Cooke is likely to result in a substantial savings of judicial effort.

In sum, the undersigned recommends that this matter be transferred to Judge Jones and Magistrate Judge Cooke in the interests of judicial economy.

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **TRANSFERRING** this action to District Judge Robert C. Jones and Magistrate Judge Valerie P. Cooke.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be

accompanied by points and authorities for consideration by the district court judge.

    2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: April 22, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE