UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

FERRING B.V.,

        Plaintiff,

vs.

ACTAVIS, INC. et al.,

        Defendants.

3:13-cv-00477-RCJ-WGC

**ORDER**

This patent infringement action is one of several similar actions that Plaintiff has filed against Defendants in this District. This Court previously held a bench trial on three of the four patents presently at issue. Defendants now move to dismiss, or in the alternative, for a stay of this action pending an appeal from the Court's prior ruling. (ECF No. 17). In their motion to dismiss, Defendants contend that this action is barred by the doctrine of claim preclusion. (*Id.*). For the reasons stated herein, the motion to dismiss is granted in part and denied in part, and the motion to stay is denied.

I.    **FACTS AND PROCEDURAL HISTORY**

On September 6, 2013, Plaintiff Ferring B.V. ("Ferring") filed a complaint for patent infringement (the "Present Complaint" or "Present Action") against Defendants Actavis, Inc. (formerly Watson Pharmaceuticals, Inc.), Watson Laboratories, Inc., Andrx Corp. (a wholly-owned subsidiary of Actavis, Inc.), Watson Laboratories, Inc. – Florida, and Watson Pharma, Inc. (collectively, "Watson"). (Compl., Sep. 6, 2013, ECF No. 1). The Present Complaint alleges infringement of U.S. Patent Nos. 7,947,739 ("the '739 patent"), 8,022,106 ("the '106 patent"), and 8,273,795 ("the '795 patent"), and 8,487,005 ("the '005 patent") under 35 U.S.C. § 271(a), seeking, *inter alia*, damages in the amount of $150 million. (*Id.* at 5–11).

Ferring previously asserted the '739, '106, and '795 patents against Watson in a consolidated action initiated on July 11, 2011 (the "Prior Action"). (Case No. 3:11-cv-00481-RCJ-VPC). In January 2014, the Prior Action went to a bench trial before this Court, and Ferring

ultimately prevailed. (*Id.*). The '005 patent issued on July 16, 2013, ('005 patent, ECF No. 1-1), while the Prior Action was pending, and it was not asserted in that case.

The following undisputed facts are alleged in the Present Complaint: On December 27, 2012, nearly eighteen months after the Prior Action was initiated, the FDA approved Watson's ANDA for its generic tranexamic acid tablets. The next month, despite Ferring's then-pending claims of infringement under § 271, Watson launched its infringing tablets into the market. (Compl., ECF No. 1, at 7–8). In the Present Action Ferring asserts two causes of action: (1) infringement of the '005 patent under § 271(a) and § 271(e); and (2) infringement of the '739, '106, and '795 patents under § 271(a). (*Id.* at 5–11). Unlike the Prior Action, which sought only prospective relief, the Present Action seeks, *inter alia*, damages for Watson's entry into the market. (*Id.*).

On February 28, 2014, Watson moved to dismiss, contending that the causes of action asserted in the Present Complaint are barred under the doctrine of claim preclusion. (Mot. Dismiss, ECF No. 17, at 6–15). Watson further contends that if its motion fails, the Court should stay the Present Action pending the resolution of the appeal from the Prior Action. (*Id.* at 15–16). The Court now considers Watson's motion.

## II.   CLAIM PRECLUSION

Watson argues that Ferring's present causes of action are barred by the Prior Action. The Court disagrees in part. Specifically, the Court concludes that: (1) the causes of action for infringement of the '005 patent survive the instant motion; and (2) the § 271(a) cause of action for infringement of the '739, '106, and '795 patents is barred under the doctrine of claim preclusion.

### a.   Legal Standard

Claim preclusion, also known as res judicata, "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986) (quoting *S. Delta Water Agency v. United States*, 767 F.2d 531, 538 (9th Cir. 1985)) (internal quotation marks omitted). Under this doctrine, "[a] final judgment on the merits of an action precludes the parties or their

privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). The Supreme Court has recognized that the doctrine of res judicata serves the "vital public interest" of having an end to litigation, especially in "view of today's crowded dockets." *Id.* at 401. Claim preclusion applies when "the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

### b. Analysis

Here, it is undisputed that the Prior Action involved identical parties and reached a final judgment on the merits. Therefore, the only remaining issue is whether the Present Action involves the "same" causes of action. However, "[w]hether two claims for patent infringement are identical is a claim preclusion issue that is 'particular to patent law.'" *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) (citing *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001)). Therefore, Federal Circuit law applies. *Id.*

### i. Claims regarding '005 Patent

Because, "[e]ach patent asserted raises an independent and distinct cause of action," *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996), Ferring's causes of action related to the '005 patent are not precluded by the Prior Action. Indeed, "[b]y statutory and common law, each patent establishes an independent and distinct property right," *id.*, and "[i]n patent cases [the Federal Circuit] . . . applie[s] the general rule that res judicata does not bar the assertion of 'new rights acquired during the action which might have been, but were not, litigated.'" *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012) (quoting *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010)).

However, as Watson correctly argues, the Federal Circuit has recently clarified the seemingly broad rule announced in *Kearns*. In *Senju v. Apotex*, the court recognized that "[o]rdinarily, '[e]ach patent asserted raises an independent and distinct cause of action,'" but concluded, under the facts before it, that a reexamined patent did not create a new cause of action because it was not materially different from the original, previously asserted, patent. 746 F.3d

1344, 1349–53 (Fed. Cir. 2014) (quoting *Kearns*, 94 F.3d at 1555). The *Senju* court announced the following rule: "We hold that, in the absence of a clear showing that such a material difference in fact exists in a disputed patentable reexamination claim, it can be assumed that the reexamined claims will be a subset of the original claims and that no new cause of action will be created." *Id.* at 1353. Watson would extend *Senju* to apply against the '005 patent, which is a continuation of, and, according to Watson, not materially different from, the '795 patent. (Reply, ECF No. 33, at 6–7). This argument, which appears to raise a question of first impression, is certainly worthy of careful consideration. However, the Court concludes that the inherent differences between so-called "reexamined patents" and continuation patents render *Senju*'s presumption against a new cause of action inapplicable.

As the *Senju* Court explained, reexamination does not involve the issuance of a new patent, and reexamined claims cannot be broader than the original claims:

> [C]laims that emerge from reexamination do not in and of themselves create a new cause of action that did not exist before. We reach this conclusion because a so-called 'reexamined patent' is the original patent; it has just been examined another time as indicated in its reexamination certificate. Reexamination does not involve the filing of a new patent application nor the issuance of a new patent.
>
> The reexamination process does permit some amendment of the patent and its claims, but any amendment that occurs during reexamination is statutorily constrained. For example, amendments to the disclosure cannot introduce new matter.
>
> Any change to the original patent is further constrained by 35 U.S.C. § 305, which states that '[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding under this chapter.' *We have strictly interpreted § 305 to prohibit any broadening amendments. The reexamined claim cannot be broader in any respect, even if it is narrowed in other respects.* Therefore, while reexamination can make certain changes in the patent, such changes are strictly circumscribed by the original patent's disclosure and claim scope.
>
> As a result, a reexamined patent claim cannot contain within its scope any product or process which would not have infringed the original claims. Put another way, because the patent right is a right to exclude whose outer boundary is defined by the scope of the patent's claims, as explained in *Aspex*, reexamination does not provide larger claim scope to a patentee than the patentee had under the original patent claims.

4

*Senju*, 746 F.3d at 1352–53 (emphasis added) (internal citations omitted).

In contrast, a continuation patent does involve the issuance of a new patent, which can include broadened claims. Indeed, "[i]t is recognized that an applicant can broaden as well as restrict his claims during the procedures of patent examination, and that continuing applications may present broader claims than were allowed in the parent [application]." *Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313, 1317 (Fed. Cir. 2007).

Because a continuation application, unlike a "reexamined patent," involves the issuance of an additional patent, which can include a larger claim scope, the Court cannot conclude that *Senju*'s presumption against a new cause of action is naturally applicable. In other words, because continuation claims, unlike reexamined claims, are not likely to "be a subset of the original claims," *Senju*, 746 F.3d at 1353, the Court cannot simply assume that such is the case. Indeed, "[p]recedent cautions that *res judicata* is not readily extended to claims that were not before the court, and precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial." *Sharp Kabushiki Kaisha v. Thinksharp, Inc.*, 448 F.3d 1368, 1372 (Fed. Cir. 2006) (quoting *Kearns*, 94 F.3d at 1557 ("When applying res judicata to bar causes of action that were not before the court in the prior action, due process of law and the interest of justice require cautious restraint.")). Moreover, even assuming, that *Kearns* is inapplicable, and that preclusion is required in the absence of a material difference, the Court is not entirely convinced that the '005 patent lacks such a difference. Therefore, exercising cautious restraint, the Court concludes that the '005 patent "raises an independent and distinct cause of action." *Kearns*, 94 F.3d at 1555.

While it is certainly true that Ferring *could have* moved for leave to amend the Prior Complaint to include the after-acquired '005 patent, *see* Fed. R. Civ. P. 15(a)(2), it did not forfeit

its cause of action by failing to do so, *see Gillig*, 602 F.3d at 1363 ("[T]he doctrine of res judicata does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired claim."). Accordingly, Ferring is entitled to assert the '005 patent now, and Watson's motion to dismiss is denied with respect to this cause of action.[1]

### ii. Infringement of the '739, '106, and '795 Patents Under § 271(a)

Ferring argues that it did not and could not seek § 271(a) relief in the Prior Action. This is simply incorrect. Indeed, the record plainly demonstrates that Ferring repeatedly, forcefully, and successfully advanced claims for infringement under § 271(a). Therefore, Ferring is not entitled to assert such claims in this action.

The thrust of Ferring's argument is that: (1) it advanced only a § 271(e) claim at trial; (2) it could not and did not rely on Watson's commercial product in support of a § 271(a) claim in the Prior Action; and (3) this Court, without Ferring's prompting, "incidentally" found § 271(a) infringement. (Opp'n, ECF No. 27, at 8–10). This argument is unpersuasive. Ferring repeatedly relied on Watson's commercial product while asserting § 271(a) infringement at trial:

> Ferring Counsel: Under 271(a) there are separate acts of infringement. Selling is an act of infringement. Making, even without selling, is also an act of infringement. There's no dispute that they're making uncoated tablets. Every time they make it, that is an act of infringement.

(Trial Tr., Case No. 3:11-cv-00481, ECF No. 506, at 51).

> Ferring Counsel: They have formulated a core tablet which is our invention. The fact that they then put it in something else doesn't matter. That interior part still infringes as a matter of law under 271(a).

(*Id.* at 52). Further, Watson's commercial products were the focus of Ferring's infringement arguments at trial. Indeed, Ferring repeatedly argued that Watson's commercial product (the same product at-issue in this case) infringed the '739, '106, and '795 patents:

> Ferring Counsel: So this is testing that Watson itself conducted on its commercial lot 4, and there's no dispute that it meets the limitations of the patent claims.

---

[1] Of course, to the extent that the '005 patent overlaps with the '739, '106, and '795 patents, the well settled doctrine of issue preclusion, also known as collateral estoppel, will greatly accelerate the resolution of this action, and the Court invites a motion for summary judgment to that affect.

(*Id.* at 58).

> Ferring Counsel: This is Watson's own testing, AAI Pharma, exact same commercial lot, commercial lot 3. Two out of the six tablets tested showed that they meet the limitations of the patent claims.

(*Id.* at 59).

> Ferring Counsel: We have SSCI, which was hired by Ferring to conduct testing on commercial lot 3. Three out of six tablets showed that they met the dissolution limitations.

(*Id.*). Thus, the Court's eventual finding of § 271(a) infringement was not merely "incidental" or without argument from Ferring. Moreover, the Court made an oral finding of infringement under § 271(a) at the conclusion of the trial, (*id.* at 161), and at no time did Ferring suggest that it was not seeking such results. Instead, and consistent with the Court's instructions, Ferring prepared proposed findings of fact and conclusions of law specifically related to § 271(a). (Case No. 3:11-cv-00481, ECF No. 472, at 8, 102, 108). Furthermore, Ferring proposed a judgment for infringement under § 271(a) and requested an injunction under the same subsection. (Case No. 3:11-cv-00481, ECF No. 508-1). On April 14, 2014, the Court entered judgment in the Prior Action. Specifically, the Court granted a resetting injunction under § 271(e)(4)(A) as to Watson's ANDA and permanently enjoined Watson under § 271(a) and § 271(e)(4)(B). (Case No. 3:11-cv-00481, ECF No. 524). Stated charitably, Ferring's suggestion that it did not seek § 271(a) relief in the Prior Action cannot be reconciled with the record. Ferring not only argued §271(a) infringement, it obtained a judgment on it. Therefore, the doctrine of claim preclusion unquestionably bars Ferring from asserting § 271(a) infringement of the '739, '106, and '795 patents in the Present Action.

Aside from the newly asserted '005 patent, the only meaningful difference between the Present Action and the Prior Action is that Ferring now seeks damages under § 271(a). However, "[i]t is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58

F.3d 616, 619 (Fed. Cir. 1995) (citing Restatement (Second) of Judgments § 24 (1982)). Ferring was on notice that Watson was selling and marketing its commercial product by January 2013. (Opp'n, ECF No. 27, at 4, 8). During the thirteen months between the launch of Watson's product and the bench trial, Ferring never sought damages, despite asserting a § 271(a) claim, which could be pursued only after Watson produced its commercial product. Likewise, Ferring never sought to bifurcate the issue of damages from the issue of liability.

Notwithstanding Ferring's current argument, (*see* Opp'n, ECF No. 27, at 9), it had an "ample opportunity" to raise the issue of damages during these thirteen months. Its strategic decision to wait eight months and then burden this Court with a concurrent suit on the exact same patents, exemplifies the kind of gamesmanship and piecemeal litigation that the doctrine of claim preclusion is intended to prevent. Indeed, "[r]es judicata ensures the finality of decisions . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). That Ferring may have been entitled to damages in the Prior Action is of no consequence now. Ferring's present request for § 271(a) damages for Watson's infringement of the '739, '106, and '795 patents cannot survive the Prior Action's preclusive effect. Watson's motion to dismiss is therefore granted as to Ferring's second cause of action.

### III.     MOTION TO STAY

To the extent Watson moves for a stay, the Court declines. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Watson contends that "it makes sense to stay the case pending appeal [of the Prior Action] because the Federal Circuit's decision is likely to be highly relevant to this case, as the facts and issues are the same in both cases." (Mot., ECF No. 17, at 16). According to Watson, "a stay of this action will preserve judicial resources . . . and . . . limit the possibility of inconsistent decisions on identical claims." (*Id.*). The claims presently at issue, however, are not, as Watson argues, "identical," to the claims adjudicated in the Prior Action, *see supra* Part II.b.i, and Watson does not explain how the Federal Circuit's decision on the patents asserted in the Prior

Action would dictate this Court's analysis of the present cause of action for infringement of the newly asserted '005 patent. Accordingly, the Court is not persuaded that waiting on the Federal Circuit will expedite the resolution of Ferring's remaining cause of action. Instead, the more efficient course is to invite well targeted motions for summary judgment asserting, *inter alia*, the doctrine of issue preclusion. The motion to stay is therefore denied.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss, or in the alternative, for a stay (ECF No. 17) is GRANTED in part and DENIED in part. Ferring's second cause of action, alleging § 271(a) infringement of the '739, '106, and '795 patents, is DISMISSED with prejudice, and the motion to stay the case is DENIED.

IT IS SO ORDERED.

Dated: This 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge