# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V., <br><br> Plaintiff, <br><br> vs. <br><br> ACTAVIS, INC., WATSON LABORATORIES, INC., ANDRX CORP., WATSON LABORATORIES, INC. – FLORIDA and WATSON PHARMA, INC., <br><br> Defendants. | 3:13-cv-00477-RCJ-VPC <br><br> **ORDER** |

This patent infringement action is one of several filed by Plaintiff in this District. Previously, the Court granted in part and denied in part Defendants' Motion to Dismiss (ECF No. 17) the present case based on a theory of res judicata. Plaintiff has filed a Motion for Reconsideration (ECF No. 39) asking the Court to revisit its prior order on Defendants' motion, or alternatively to certify its judgment on the dismissed claims for appeal under Rule 54(b).

## I.  PROCEDURAL HISTORY AND FACTS

Plaintiff holds U.S. Patent Nos. 7,947,739 ("the '739 patent"), 8,022,106 ("the '106 patent"), and 8,273,795 ("the '795 patent").  Plaintiff brought infringement actions in this District alleging that Defendants' filing of an Abbreviated New Drug Application ("ANDA") with the Federal Drug Administration ("FDA") violated the '739 patent, the '106 patent, and the '795 patent and seeking a permanent injunction under 35 U.S.C. Sections 271(a) and 271(e)(1).

1

These actions were eventually consolidated into a single case (the "Prior Action"). Approximately eighteen months after the Prior Action was filed, Defendants released their alleged infringing product into the market. (Pl.'s Mot. Recons. 4, ECF No. 39). Plaintiff did not seek leave to amend its complaint in the Prior Action to include damages for this second act of alleged infringement. Instead, Plaintiff filed this case (the "Present Action") claiming damages under Section 271(a) for Defendants' alleged making and selling of a product that allegedly violated the '739 patent, the '106 patent, and the '795 patent. The Present Action also sought relief for alleged infringement of U.S. Patent No. 8,487,005 ("the '005 patent), which issued to Plaintiff after the Prior Action commenced.

On February 28, 2014, Defendants filed a motion to dismiss the Present Action arguing that the Court's final judgment in the Prior Action caused Plaintiff's infringement claims in the Present Action to be barred by res judicata. (Defs.' Mot. to Dismiss 9–11, ECF No. 17). In its July 23, 2014 order, the Court agreed with Defendants to the extent that Plaintiff sought damages under Section 271(a) for alleged infringement of the '739 patent, the '106 patent, and the '795 patent, and the Court granted the motion to dismiss as to those infringement claims. The Court denied the motion to dismiss as to the '005 patent since the Prior Action did not include claims of infringement under that patent since it had not yet issued.

Plaintiff now moves that the Court reconsider its decision to dismiss the infringement claims based on the '739 patent, the '106 patent, and the '795 patent. Plaintiff argues that Defendants' manufacturing and selling of the alleged infringing product constitutes a separate act of infringement under Section 271(a) that was not properly before the Court in the Prior Action. Plaintiff asserts that the Court committed clear error because it did not distinguish these later commercial activities as separate acts of infringement to which res judicata does not apply.

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). While the district court possesses inherent power to reconsider and amend previous interlocutory orders, *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001), this is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., *Moore's Federal Practice* § 59.30(4) (3d ed. 2000)) (internal quotation marks omitted).

Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the court (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890. Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for reconsideration. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion

to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Furthermore, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

### B. Motion for Appealable Judgment – Rule 54(b)

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). It is left to the discretion of the district court to determine whether there is no just reason for delay in the entry of judgment. *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979). To properly certify a judgment under Rule 54(b), the district court must satisfy a two-step process. *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 7–8 (1980). First, the court must determine whether the judgment is final "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, the court must decide whether there is any just reason for delay. *Id.* at 8. When evaluating whether there are just reasons for delay, the court should consider the equities involved, exercising discretion "in the interest of sound judicial administration." *Id.* (quotations omitted). Additionally, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing

needs of the litigants for an early and separate judgment as to some claims or parties."
*Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

**III.   ANALYSIS**

    **A.  Motion to Reconsider**

It is true that "each act of patent infringement gives rise to a separate cause of action." *Hazelquist v. Guchi Moochie Tackle Co.*, 437 F.3d 1178, 1181 (Fed. Cir. 2006). And that a single statutory provision may also be the basis for separate causes of action for patent infringement. *See Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335–36 (Fed. Cir. 2008) (discussing infringement of multiple patents under a single statutory provision). However, the doctrine of res judicata "prohibits 'the parties or their privies from relitigating issues that were or could have been raised' in an action resulting in 'a final judgment on the merits.'" *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1245 (9th Cir. 2013) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Indeed, res judicata, or claim preclusion, applies when "the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached afinal judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Opitcal Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Here, Plaintiff contends that the Prior Action dealt solely with Defendants' ANDA filing and that Plaintiff sought relief primarily under Section 271(e), with any mention of 271(a) being merely "incidental." (Pl.'s Mot. Recons. 7). If this were the whole story, the Court might be inclined to grant Plaintiff's motion. After all, Defendants' filing of the ANDA with the FDA is certainly a separate act from manufacturing and selling allegedly infringing products. *See Hazelquist*, 437 F.3d at 1181. In the Prior Action, however, Plaintiff did not limit itself to arguing only that Watson's ANDA filing constituted infringement. Rather, Plaintiff specifically

requested and the Court agreed that "Watson's commercial manufacture, use, and sale of Watson's generic tranexamic acid tablets infringe[d] the patents-in-suit under 35 U.S.C. § 271(a)." (Plaintiff's Proposed Findings of Fact, *Ferring B.V. v. Watson Laboratories, Inc – Florida*, No. 3:11-cv-00481(D. Nev. Feb. 13, 214), ECF No. 472, at 8, 102).

Moreover, the Court was not solely motivated by the fact that Plaintiff previously asserted infringement claims under Section 271(a) when it dismissed the claims in the Present Action. Instead, the Court dismissed the claims because its finding in the Prior Action that Watson violated Plaintiff's patents by engaging in commercial manufacturing and sales necessarily required the Court to look beyond the ANDA filing and determine that Watson had *also* committed infringement by releasing the alleged infringing product into the market place. Section 271(e)(1) provides alleged infringers with protection from suit when their commercial activity is "reasonably related" to the FDA approval process.[1] Thus, in order for the Court to find infringement based on Defendants' commercial activity, the manufacturing and selling at issue in the Prior Action had to be done for purposes unrelated to the approval process. *See Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1269, 1277–78 (N.D. Cal. 1991) (recognizing an exemption under Section 271(e)(1) from an infringement claim for an alleged infringer's commercial activity that is solely for use reasonably related to the FDA approval process). Accordingly, Plaintiff's proposed finding that Defendants' commercial activities constituted infringement under Section 271(a), which the Court adopted in its order, was necessarily based on commercial activities unrelated to the ANDA filing. Otherwise, the Court could not have

---

[1] Section 271(e)(1) states in relevant part that "[i]t shall not be an act of infringement to make, use, offer to sell, or sell within the United States or import into the United States a patented invention . . . solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs . . . ." 35 U.S.C. § 271(e)(1) (2012).

1 found infringement based on Defendants' commercial activities due to the exemption provided in
2 Section 271(e)(1).

3 Further, Plaintiff's original response to Defendants' motion to dismiss in the Present
4 Action did not distinguish between post-filing commercial efforts and post-judgment commercial
5 efforts. (*See* Pl.'s Opp'n to Defs.' Mot. to Dismiss 8, ECF No. 27).  The Court will not consider
6 arguments presented for the first time in a motion to reconsider. *See Kona Enters.*, 229 F.3d at
7 890.  Therefore, the Court finds that Plaintiff's assertions of post-judgment infringement does
8 not justify granting this motion.

9 **B. Motion for Appealable Judgment – Rule 54(b)**

10 Under Rule 54(b), "a similarity of legal or factual issues will weigh heavily against entry
11 of judgment" and an order of judgment "will be proper only where necessary to avoid a harsh
12 and unjust result." *Morrison-Knudsen Co.*, 655 F.2d at 965.  To determine whether certification
13 is warranted, the court considers the following factors: (1) whether certification will result in
14 unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct,
15 and independent of any of the other claims or counterclaims involved; (3) whether review of the
16 adjudicated claims would not be mooted by any future developments in the case; and (4) whether
17 the nature of the claims was such that no appellate court would have to decide the same issues
18 more than once even if there were subsequent appeals. *Id.* (quoting *Curtiss-Wright Corp.*, 446
19 U.S. at 5–6).

20 In this case, the similarity of the factual and legal issues convinces the Court that Rule
21 54(b) certification would be inappropriate.  While the patents giving rise to the dismissed
22 infringement claims are separate from the patent remaining at issue in the Present Action, the
23 underlying theory of infringement applies equally to all four patents.  In Plaintiff's complaint, it

24

alleged that Defendants violated the '739 patent, the '106 patent, the '795 patent, and the '005 patent "by making, using, selling and offering for sale" allegedly infringing products. (Compl. ¶ 33, ECF No. 1). The factual basis for the various claims is therefore identical. Moreover, whether Defendants' products actually infringe any of Plaintiff's patents will undoubtedly involve legal and factual questions that apply equally to all four patents.[2] Thus, if Plaintiff were allowed to proceed with an appeal as to the '739 patent, the '106 patent, and the '795 patent and a separate appeal followed as to the '005 patent, the Federal Circuit could be required to decide the same or similar issues more than once. Conversely, the Court finds no harsh or unjust result should Plaintiff be required to wait until the disposition of the entire Present Action to appeal the Court's dismissal of the infringement claims arising from the '739 patent, the '106 patent, and the '795 patent. If the Federal Circuit holds that this Court erred in dismissing Plaintiff's claims under Section 271(a), Plaintiff will essentially be in the same position in which it currently is, albeit with additional claims for damages based on Defendants' alleged on-going infringing activities. Therefore, the Court denies Plaintiff's request for certification under Rule 54(b).

///

///

///

///

///

///

///

---

[2] The Court acknowledges that its judgment in the Prior Action regarding infringement of the '739 patent, the '106 patent, and the '795 patent was recently reversed in part, but that Plaintiff has filed a petition for rehearing en banc. (Petition for En Banc Rehearing, *Ferring B.V. v. Watson Labs., Inc.-Florida*, No. 14-1416 (Fed. Cir. Sept. 22, 2014), ECF No. 67). This on-going appeal involving these same patents further supports denying certification in order to avoid additional congestion of the appeals docket.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 39) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for Rule 54(b) certification is also DENIED.

IT IS SO ORDERED.

Dated: October 23, 2014

_____
ROBERT C. JONES
United States District Judge